GEORGE MITCHELL et al., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1907.

TRESPASS: Action: Descent: Administration. Where access to real property is obstructed during the lifetime of the owner the action therefor upon his death descends to his administrator and not to his heirs.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

REVERSED.

*Martin L. Clardy* and *Edw. J. White* for appellant.

(1) Both under the statute of Missouri and by the common law, the right of action for damages to property, sustained during the lifetime of a decedent, passes to his administrator and not to his heirs. R. S. 1899, sec. 96. Music v. Railroad, 114 Mo. 311; Ins. Co. v. Heiss, 141 Ill. 35; Green v. Railroad, 65 How. Pr. N. Y. 154; Lewis, Em. Dom. (2 Ed.), sec. 320, p. 787; Seymour v. Cummings, 119 Ind. 148, 21 N. E. 549; Mortimer v. Railroad, 129 N. Y. 81, 29 N. E. 5; 6 Am. & Eng. Enc. Law (1 Ed.), p. 590; Schouler's Exec. & Admr. (2 Ed.), sec. 218, pp. 292, 293; Pittsburg, Ft. Wayne, etc., Co. v. Swinney, 97 Ind. 586; Paret v. Railroad, 46 N. Y. S. R. 29; Welles v. Cowles, 4 Conn. 182; Neal v. Railroad, 61 Me. 298; Boynton v. Railroad, 58 Mass. 467; Hotchkiss v. Railroad, 36 Barb, 600; Hoycott's Exec. v. Warren, 7 Ired. (N. C.) 20.

123 App—35

*Mooneyham & McCawley* and *Perkins & Blair* for respondent.

(1)  The statutes of Missouri do not in so many words limit the right to sue in case of this kind to the administrator or to the heirs.  Section 96, R. S. 1899, provides, that the administrator may do so.  Section 540 provides that every action shall be prosecuted in the name of the real party in interest, except, as otherwise provided in section 541.  (2)  In the absence of action by the probate court the administrator is an entire stranger to the real estate of his decedent, has no control over it whatever.  Hall v. Bank, 145 Mo. 423-24; Thorp v. Miller, 137 Mo. 231; Chambers' Adm. v. Wright's Heirs, 40 Mo. 482-486; Auuchon v. Lory, 23 Mo. 99; Gregory v. McCormick, 120 Mo. 663.

BROADDUS, P. J.—The plaintiff, Martha V. Mitchell, is the widow of W. H. Mitchell, who died intestate on the 1st day of November, 1904.  Ada Hatton, George Mitchell and Cora A. Benson are the only children and heirs at law of the deceased and had obtained their majority at the time of the institution of this suit.

W. H. Mitchell died seized in fee of lot numbered 159 in the city of Carthage.  During his lifetime, defendant in the construction of its roadbed obstructed what is claimed to have been an alley giving access to said lot. The answer admits that W. H. Mitchell was the owner of the lot and the obstruction of what plaintiffs claim to have been an alley, but alleges that it had been discontinued by the city by ordinance for more than thirty years and that the same had grown up in bushes and was not used as an alley.  The answer further alleges that the deceased Mitchell occupied the lot and the house thereon as a homestead, and that the same is now used and occupied as a homestead by the plaintiff, Martha V., as such, and that the only interest her codefendants have in said lot is that of remaindermen.  This allegation of the

answer is not denied. The plaintiffs recovered and defendant appealed.

The first objection raised to plaintiffs' right to recover is that as the cause of action occurred during the lifetime of the deceased, under section 96, Revised Statutes 1899, the same descended to the administrator and not to the heirs at law, therefore plaintiffs cannot recover. The Supreme Court expressly decided that under the said statute, in a similar case, the cause of action survived to the administrator. [Music v. The Kansas City & Memphis Ry. Co., 114 Mo. 309.] As the alleged injury was suffered during the lifetime of the deceased, the right of action was in his administrator. The defendant's demurrer to plaintiffs' showing should have been sustained.

In view of the fact that plaintiffs are not entitled to recover because they have no cause of action, it is useless to discuss other questions raised on the appeal. Reversed. All concur.